IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTY A. MOHOSKI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MELISSA J. FREEMAN, et al. | : | NO. 09-2105 |

**MEMORANDUM**

**Padova, J.**                                                                                                        **October 30, 2009**

*Pro se* Plaintiff Marty Mohoski brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983 against Melissa J. Freeman, Esq., an assistant district attorney in the Berks County District Attorney's Office, and John T. Adams, Esq., the District Attorney for Berks County, alleging violations of his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments, as well as violations of state law, arising out of his pre-trial incarceration in Berks County Prison. Plaintiff seeks declaratory and injunctive relief. Plaintiff's Amended Complaint sought declaratory and injunctive relief, as well as monetary damages. On June 16, 2009, we dismissed Plaintiff's claims for monetary relief from Defendants, pursuant to 28 U.S.C. § 1915A(b)(2), because we determined that Defendants had acted within the scope of their official duties as prosecutors and were therefore entitled to absolute immunity under Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). See Mohoski v. Freeman, Civ. A. No. 09-2105, Mem. at 1 (E.D. Pa. June 16, 2009). Presently before the Court is Defendants' Motion to Dismiss the Amended Complaint.[1] For the following reasons, the Motion

---

[1] Plaintiff has not filed a response to the Motion to Dismiss. Local Rule of Civil Procedure 7.1 provides that any party opposing a motion shall respond to the motion within 14 days after service. See Local Rule 7.1(c). In the absence of a timely response, the motion may be granted as uncontested. Id. Notwithstanding this Rule, the United States Court of Appeals for the Third Circuit has recommended that trial courts not grant motions to dismiss pursuant to Rule 12(b)(6) in *pro se* civil rights actions without analyzing the merits of the underlying complaint. See Stackhouse v.

is granted.

## I. BACKGROUND

The Amended Complaint alleges the following facts. Plaintiff is presently incarcerated in Berks County Prison on charges of domestic assault, for which he has been in custody since January 29, 2007. (Am. Compl. ¶ 7.) There have been nine continuances of Plaintiff's criminal case. (Id. ¶ 10.) Defendants did not object to any of the continuances. (Id.) Plaintiff has not waived his speedy trial rights. (Id. ¶ 11.)

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). *Pro se* pleadings are to be construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds

---

Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Accordingly, we consider the merits of Plaintiff's Amended Complaint rather than grant the Motion to Dismiss as uncontested.

upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will grant a Rule 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III. DISCUSSION

### A. The Motion to Dismiss

The Amended Complaint asserts claims against both Defendants for the following: (1) violation of his Fifth Amendment due process rights; (2) violation of his Sixth Amendment speedy trial rights; (3) violation of his Eighth Amendment right to be free from cruel and unusual punishment; (4) violation of his Fourteenth Amendment equal protection rights; (5) violation of his Fourteenth Amendment due process rights; (6) violation of Pennsylvania Rule of Criminal Procedure 600; (7) prosecutorial misconduct; (8) professional misconduct; (9) negligence; and (10) malpractice. Defendants argue that the Amended Complaint should be dismissed in its entirety because the Court should abstain from addressing Plaintiff's claims pursuant to Younger v. Harris, 401 U.S. 37 (1971). We agree that the Younger abstention doctrine applies in this case. Consequently, we do not address each cause of action separately.

Defendants argue that this Court must abstain from deciding Plaintiff's claims under the

abstention doctrine established in Younger v. Harris, 401 U.S. 37. Younger and its progeny have held that principles of federalism and comity require district courts to abstain from interfering with pending state court proceedings absent extraordinary circumstances. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982); Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. and N.J. Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992). There are three requirements that must be met for a district court to invoke Younger abstention: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989) (citing Middlesex County, 457 U.S. at 432, and Ky. W. Va. Gas Co. v. Pa. Pub. Utility Comm'n, 791 F.2d 1111, 1116 (3d Cir. 1986)). When all three requirements are met, abstention is appropriate unless the plaintiff can show "that the state proceedings [were] undertaken in bad faith" or some other extraordinary circumstances exist, such as "proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." Id. (citing Middlesex County, 457 U.S. at 435, and Younger, 401 U.S. at 49-50).

In this case, all three requirements for Younger abstention are satisfied. First, Plaintiff's claim concerns pending criminal proceedings against him in the Berks County Court of Common Pleas.² Second, the state criminal proceeding implicates important state interests insofar as Plaintiff is challenging the validity of his pre-trial incarceration. Third, Plaintiff is able to raise his federal law claims in the Pennsylvania state courts, and avers that he is currently doing so with respect to

---

²Indeed, Plaintiff's trial was scheduled to begin on October 19, 2009. See Commonwealth v. Mohoski, No. CP-06-CR-0000712-2007 (C.C.P. Berks).

4

his speedy trial claim. (Am. Compl. ¶ 16.) Moreover, the United States Court of Appeals for the Third Circuit has held that a claim for denial of the right to a speedy trial "does not fall within the extraordinary circumstances envisioned in Younger." Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975). Accordingly, we must abstain from deciding Plaintiff's claims, and we therefore grant the Motion to Dismiss.[3]

B. Leave to Amend

In civil rights cases, "district courts must offer amendment -- irrespective of whether it was requested -- when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.

---

[3] Even if we were to find that Younger abstention was not appropriate in this case, we would dismiss Plaintiff's Amended Complaint on the basis that it seeks Plaintiff's release from custody pursuant to 42 U.S.C. § 1983 rather than by seeking a writ of habeas corpus. Plaintiff asserts his claims against Defendants pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief dismissing the criminal charges pending against him in the Berks County Court of Common Pleas and releasing him from confinement. To the extent Plaintiff seeks release from custody, he cannot obtain it in a § 1983 action, but instead must seek a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

However, even if we were to construe Plaintiff's Amended Complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, we would still be obliged to dismiss it. Although Plaintiff has filed several motions with the Pennsylvania state courts (Am. Compl. ¶ 16), he has not properly exhausted his legal remedies. Before filing a petition for habeas relief with this Court pursuant to 28 U.S.C. § 2254, Plaintiff must fully exhaust his claims before the Pennsylvania state court system. See Moore, 515 F.2d at 449; see also Arsad v. King, Civ. A. No. 07-1952, 2008 WL 5101700, at *8-9 (E.D. Pa. Nov. 26, 2008). He has not yet done so.

2002))). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). In assessing futility, we apply the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). Id. (citation omitted).

The deficiencies in the Amended Complaint cannot be cured by further amendment. The doctrine of Younger abstention will continue to apply for so long as Plaintiff's criminal proceedings are pending in the Pennsylvania state courts. Even were we not to abstain, Plaintiff cannot obtain the relief he seeks pursuant to § 1983, and he cannot amend his claim to present a petition for a writ of habeas corpus because he has not properly exhausted his legal remedies. We therefore deny Plaintiff further leave to amend his complaint.[4]

---

[4] Plaintiff has also filed a motion for appointment of counsel. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under this section is discretionary. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). Before appointing counsel, we "must determine whether the plaintiff's claims have some merit in fact or law." Paramore v. Pa. State Police, Civ. A. No.06-5316, 2007 WL 1302404, at *2 (E.D. Pa. 2007) (citing, e.g., Parham, 126 F.3d at 457). As we have explained above, Plaintiff cannot state any claim upon which relief may be granted. Accordingly, there is simply no justification for appointing counsel in this matter. Plaintiff's request for counsel is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.